**STEPHEN T. ALLEN**
California Bar No. 255697
5055 Canyon Crest Drive
Riverside, CA 92507
Telephone: (503) 888-6590
Email: allen0324@aol.com

Attorney for Carlos Saldana-Diaz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**(HONORABLE JESUS G. BERNAL)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:23-CR-00208-JGB |
| Plaintiff, | **DEFENANT'S SENTENCING MEMORANDUM** |
| v. | |
| CARLOS SALDANA-DIAZ, | |
| Defendant. | |

## I.
## INTRODUCTION

Mr. Carlos Saldana-Diaz submits the following sentencing memorandum in support of his sentencing recommendation. Ultimately, he requests to be sentenced to probation with two months of home confinement.

## II.
## BACKGROUND

Mr. Saldana-Diaz is a twenty-four old United States citizen. He was born in San Diego, California and has spent the vast majority of his life in Southern California.

Mr. Saldana-Diaz was born in a "traditional" family to Mauricio Saldana-Diaz and Sara Olivares. Despite being born into a "traditional family," his parents separated when he was only eight (8) years old. Growing up, his life what somewhat of a challenge,

despite having a sister that was younger than him, there were issues within his family. When his parents separated, he lived with his mother. Unfortunately, when his parents separated, living with his mother, he was subjected to abuse. As a result, he was removed from her care to live with his father. However, due to schooling, he was forced to move back in with his mother, which was not easy. When he moved back in with his mother, she had remarried and there were issues between he and his step-father. Mr. Saldana-Diaz never felt like his mother supported him and would always choose his step-father's side, if given the chance. One of the main reasons why Mr. Saldana-Diaz moved back to live with his mother, despite the abuse, was because of bullying at school. Unfortunately, the bullying did not stop when he moved back in with his mother, as his step-father bullied him, with no protection from his mother. Throughout the years, Mr. Saldana-Diaz has been able to forgive his mother for the things that happened to him as a child, but recognizes that even despite this forgiveness, he still does not have a close relationship like he would like with his mother.

      Mr. Saldana-Diaz has been in a long term relationship with Andrea Lopez, with which he has three (3) small children with. Given his experiences as a child with his own biological parents, he has wanted nothing more than to give his children a better example of a parent-child relationship Ms. Lopez relayed to probation that Mr. Saldana-Diaz was an amazing partner and father.[1] In addition to his children and common law spouse, Mr. Saldana-Diaz father (and step-mother) live at his residence. Mr. Saldana-Diaz supports not only his own family, but his father as well.[2]

      Mr. Saldana-Garcia obtained his high school diploma in 2017. He had limited employment prospects, and for all intents and purposes, was limitedly self-employed at the time of the offense. He was expecting his first child at the time and money was hard to come by with his new palate business. In order to make ends meet and support his family, he engaged in criminal activity, which he did not originally believe was criminal.

---

[1] Presentence Investigation Report (PSR) ¶ 43.
[2] PSR ¶ 45.

Charges for his conduct, have been pending as early as July 2021, as Mr. Saldana-Diaz had state charges in Riverside County Superior Court, until that case was dismissed, and he was charged in this case.

Despite pending charges in state or federal court, Mr. Saldana-Diaz has complied with any and all terms of his pre-trial release. Additionally, despite the set back of his criminal cases, he has continued to better himself by obtaining additional education in automotive training and heavy duty diesel engine admissions.

## III.
## ADVISORY GUIDELINES CALCLATIONS

**A.   Stipulated Calculations.**

Pursuant to the plea agreement, the base offense level for the offense is 12, under USSG § 2K1.3(a)(5). Prior to any departures, this would make his base offense level 12. The plea agreement also provides that both the USAO and Mr. Saldana-Diaz may agrue additional specific offense characteristics, adjustments, and departures.  Mr. Saldana-Diaz requests -3 for Acceptance of Responsibility under USSG § 3E1.1(a) & (b), making his adjusted base offense level 9. Mr. Saldana-Diaz also joins in the objection made by the USAO regarding the proper enhancement under USSG § 2K1.3(b)(1)(a) and not USSG § 2K1.3(b)(1)(E) for a +1. This has a new adjusted base offense level of 10. Mr. Saldana-Diaz has zero criminal history points, which puts him at a Criminal History Category I. This would make Mr. Saldana-Diaz sentencing range 6-10 months.  However, this is merely the starting point, as the plea agreement allows for Mr. Saldana-Diaz to request additional departures, and a departures would be appropriate in his case.

## IV.
## BOOKER AND § 3553

After *United States v. Booker*, the United States Sentencing Guidelines are advisory only, representing but one factor among many to be considered in imposing a

sentence under 18 U.S.C. § 3553(a).[18] Here, for all of the factors described in the statement of facts, the sentencing guidelines discussion, and the PSR, the Court should sentence Mr. Saldana-Diaz to probation and to two (2) months home confinement. .

      The Supreme Court has held that "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as uniquely study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."[19] Here, the facts of Mr. Saldana-Diaz case should greatly mitigate the punishment imposed by the Court. He made a mistake completely inconsistent with his life and character. With the stress of having a baby on the way and limited financial means being self employed, he made some bad choices to earn additional money to take care of his expanding family. While he initially denied any wrong doing in his post arrest statement, he quickly retracted his denial, and spoke willingly and candidly. In addition, he has cooperated with any and all matters associated with his case, demonstrating a complete showing of acceptance of responsibility. Despite this hurdle, Mr. Saldana-Diaz has worked very hard to better his life and seek additional training so that he can seek and maintain lawful employment in order to care for his three children, his girlfriend and his father and step-mother. For all these reasons, probation a sentence of two (2) months of home confinement would be sufficient, but not greater than necessary to satisfy the goals of § 3553.

## V.

## CONCLUSION

      Mr. Saldana-Diaz is a partner, father, and son who has spent his entire life doing the right thing and not engaging in criminal activity. This entire situation has been very eye opening for him and he is remorseful for his actions that have brought him before the Court. He understands that the Court must punish her for his actions, but he prays that the Court understand why he made the mistake that he made and look at his past and his

---

[18] 543 U.S. 220 (2005)
[19] *Koon, supra*, at 113.

character and prospects in determining the appropriate sentence.. Under all of the circumstances in this case, probation and a sentence of two (2) months of home confinement is appropriate.

Dated: April 21, 2024                          Respectfully Submitted,

*/s/ Stephen T. Allen*
STEPHEN T. ALLEN
Attorney for Mr. Saldana-Diaz